ROBERT SANFORD v. THE STATE.

No. 1324.   Decided January 17, 1912.

Rehearing denied February 28, 1912.

**1.—Theft—Bailee—Charge of Court.**

Where the defendant was charged with general theft in the first count of the indictment, and theft as bailee in the second count, and was convicted under the second count, the court's charge with reference to the first count need not be considered on appeal.

**2.—Same—Continuance—Motion for New Trial.**

Where the motion for new trial failed to show the affidavit of the alleged absent witness as to what he would swear, and the witness was accessible to the defendant, and his testimony was not probably true, there was no error in overruling a motion, which was defendant's second application.

**3.—Same—Charge of Court—Misdemeanor.**

Where, upon trial of theft under bailment, the evidence did not raise the question of a misdemeanor, there was no error in the court's failure to charge thereon.

**4.—Same—Argument of Counsel.**

Where the objection to the argument of the State's counsel was not verified in such manner as to require consideration, the same could not be reviewed on appeal.

**5.—Same—Charge of Court—Voluntary Return.**

Where, upon trial of theft under bailment, the evidence did not raise the issue of a voluntary return of the alleged stolen property, there was no error in the court's failure to charge thereon.

Appeal from the District Court of Rains.   Tried below before the Hon. R. L. Porter.

Appeal from a conviction of theft under bailment; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Berzett & Rodes,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment charges appellant with general theft in the first count, and theft as bailee in the second.   Both counts were submitted to the jury, but conviction was had under the second count.

Appellant assigns error because the court charged with reference to the first count.   It is unnecessary to discuss that question inasmuch as the defendant was convicted under the second count.

Appellant also assigns error in the action of the court refusing to grant a continuance.   As explained by the court, there was no error. The court qualifies this bill of exceptions by stating that all of the witnesses mentioned in the application were present during the trial

except Clewis, which defendant and his attorneys knew, but none of them were placed on the witness stand. These witnesses were brought in before the State rested its case, and appellant and his counsel had ample opportunity to confer and did confer with them, but none of them were introduced. With reference to the remaining witness, Ernest Clewis, it is stated this was the second trial of the case. The first trial occurred early in the term on an indictment charging theft from the person and theft generally. This trial resulted in a hung jury. Thereupon the grand jury presented another indictment charging theft generally and theft by conversion. On that indictment this trial was had. On the first trial appellant made an application to continue for the witness Ernest Clewis. He had been subpoenaed as a witness. The application on that trial was overruled. The sheriff, however, brought the witness into court on that trial while the testimony was being introduced. The witness was tendered to defendant and was not used or attempted to be used as a witness. When the second trial was called the witness was again absent. Inquiry was made as to his whereabouts, and witness' father, Dick Clewis, stated he had left home the night before and he did not know where he was. The witness lived with his father. Defendant also lived on the place of Dick Clewis, and was a renter. The Clewis' were very friendly to defendant and evidently in sympathy with him in this case. This application was overruled by the court, and another attachment ordered for the witness. He came into the courtroom just after the jury had been charged and retired. This was about one o'clock p. m. Witness stated to the court he had been in the town of Emory all that morning. He was not called by defendant when they were introducing their testimony. When the motion for new trial was presented, no affidavit by this witness as to what he would swear was attached, although the witness was accessible to defendant and his counsel. From all the facts and circumstances, the court states he concluded that the matters expected to be shown by this witness were not probably true, and he stated further, that if the witness would have sworn as stated, it occurred to him witness would have been used on the former trial, because such testimony would have been as material to his defense on that trial as on this. He states he is further of opinion that the witness was absent by consent of the defendant and in order that defendant may thereby be benefited. This is the explanation of the court to the bill.

It is clearly not error to refuse a continuance as to witnesses who were brought in and tendered and not used by defendant, and under the circumstances stated with reference to the witness Clewis, we are of opinion there was no error shown. The evidence of the absent witness was not of a very material character in any event. With the explanation of the trial judge, as the case is presented to us, in view of the record as shown by motion for new trial, we are of opinion the court's ruling was not error.

Some charges were asked and exceptions taken to the court's refusal to give them submitting the issue of misdemeanor theft. We are of opinion this was not error under the facts of this record. The State's case is to the effect that appellant the night before with his friend from whom he obtained the money, and Worthington, were at Willow Springs. Appellant and the owner of the money were drunk, and left the store with Worthington in appellant's buggy in that condition, and continued to drink, getting drunker as they traveled. Reaching a certain point, the owner of the money stated that he had promised his wife to bring her some meat, and he asked appellant to go to the store and get it. It was then late at night. Appellant first declined because he did not have the money, whereupon the owner of the money pulled out his pocketbook and handed it to him, and told him to get some meat, there was plenty of money in the pocketbook. Appellant took the pocketbook and went away. He returned and reported the owner would not come to the store and sell him meat because they were all drunk. They went on. They carried Jones, the owner of the money, home. Worthington subsequently left appellant, and went away, and appellant went to the house of Mrs. Fisher and had a lady there to count his money. It was $230 in ten and twenty dollar bills, namely, gold certificates, corresponding exactly with the money Jones let him have. He there claimed the money. Jones woke up sober the following morning and missed his money, and sought appellant and inquired of him in regard to it. Appellant denied any knowledge of it, and continued to deny it until Jones ascertained from the lady at Mrs. Fisher's that appellant had the money and had her to count it for him. He then admitted having the money, and told him that he would pay it back, and did not want any trouble about it. He paid Dr. Pearson $20 out of the money, kept $10 himself and gave the other $200 to Dr. Pearson with request that he deposit it in his, appellant's, name at the bank at Emory, which Dr. Pearson did. Within a day or so appellant admitted having the money and gave Jones a check for $230, which the bank declined to pay because appellant did not have that amount of money in the bank. After depositing $200 appellant drew $5, and the bank notified Jones and appellant they would honor appellant's check for $195, which was given to Jones by appellant and the money drawn out of the bank. Subsequently appellant paid Jones $25, claiming that he only owed him the difference between that amount and $230, adding the $195 to the $25, which Jones seems to have conceded, and settled with him upon that basis. However, under the assertions of appellant, claiming the money and denying to Jones that he had the money, and using it for the payment of doctor bills, and his statement to the bank that he would use that money and some other property he had in paying a debt due from him to the bank, and having the money deposited in the

Vol. LXIV Crim.—39.

bank in his own name, was sufficient evidence of the fact that appellant converted and intended to convert the whole of the money, and that so far as that question is concerned, under the terms of the statute, the whole of it was sufficiently converted, if any part of it was converted. Appellant claimed that he had something like $40 at the time that he got this money from Jones, and proved by his wife that she gave him $40 that night while Jones and Worthington were with appellant. That in their driving around the country they went by appellant's house, and he went in and his wife gave him $40. He used this for what it was worth before the jury to show that he was not certain how much money he owed Jones, and, therefore, he deposited the money in his own name, and made those statements that were derogatory to his honesty of purpose in order to ascertain just how much money Jones let him have, and how much money he himself had. These matters, we think, were sufficiently presented to the jury, and in no event, under the peculiar facts of this case, is misdemeanor theft shown. If the evidence had justified it, this would have been a very serious question, and would have caused a reversal, but we do not think the question is raised.

Appellant assigns as error the remarks of the district attorney, and refers us to bill of exceptions No. 2. Bill No. 2 was simply reserved to the action of the court overruling the motion for new trial. The motion for new trial is set out in the bill, but that does not verify any ground of the motion. In other words, the grounds of the motion for new trial are not verified by reserving exceptions to the action of the court overruling it. The matters, therefore, set out in regard to the district attorney's closing argument are not verified in such manner as to require consideration. There was no error under the facts in refusing the charge on voluntary return of the money.

We are of opinion as this record is presented to us there is no error, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied February 28, 1912.—Reporter.]